IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COURTNEY HENDERSON | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-13-3786 |
| | : | |
| | : | |
| LIFETIME FITNESS HEALTH CLUB | : | |

## **MEMORANDUM**

Plaintiff Courtney Henderson, proceeding pro se, filed this action against Lifetime Fitness Health Club ("Lifetime Fitness") alleging discriminatory treatment based on sex and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). She claims Lifetime Fitness did not hire her because she is a black woman. (*See* Compl., ECF No. 1, at 1-2; Compl. Ex. D, ECF No. 1-6.) She received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on September 20, 2013, (Compl. at 3; Pl.'s Opp'n, ECF No. 11, at 4), and filed this case on December 20, 2013. Lifetime Fitness has filed a motion to dismiss, claiming Henderson's complaint is untimely. Lifetime Fitness's motion will be granted.

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a

plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Henderson had 90 days from the receipt of her EEOC right to sue letter to file suit under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1). She filed her complaint on December 20, 2013, but does not dispute that she received the EEOC right to sue letter on September 20, 2013, and that the ninetieth day after that was December 19, 2013. (Pl.'s Opp'n at 4.) Henderson claims she should not be barred from bringing suit, despite filing late, because the Edward A. Garmatz United States Courthouse in Baltimore was closed for a few hours on December 19 due to the presence of an armed man outside the building and because she is a pro se litigant. (*Id.* at 4-6.)

Equitable tolling is available "only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period . . . and gross injustice would result.'" *Kramer v. Bd. of Educ. Of Balt. Cnty.*, 788 F. Supp. 2d 421, 426 (D. Md. 2011) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (noting that equitable tolling applies in two kinds of situations: "In the first, where the complainant has been induced or ticked . . . into allowing the filing deadline to pass. . . . In the second, extraordinary circumstances beyond the plaintiff's control made it *impossible* to file the claims on time." (emphasis added) (internal citations and quotation marks omitted)).[1] Although the courthouse was inaccessible for a few hours on December 19, Henderson does not claim she ever

---

[1] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

attempted to go to the courthouse that day.  If she did try to go, she does not provide any evidence as to what time she went or why she did not file her complaint when the courthouse was open before the incident, when it re-opened in the early afternoon, or, if it was after hours, why she did not drop her complaint in the after-hours box at the Clerk's Office, *see* Local Rule 504.2 (D. Md. 2011) (noting that an "'after hours' or 'night' box in which filings can be made outside of normal business hours is located on the first floor of each Courthouse").[2]  Henderson also does not offer any reason as to why she did not file her lawsuit during the other 89 days of the limitations period.  *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (refusing to toll the ninety-day filing period where the claimant's wife received the right to sue letter, but did not inform the claimant until six days later, because there was no showing that the remaining 84 days of the filing period provided insufficient time in which to act).

If the courthouse had been closed all day, tolling the limitations period one day would likely be appropriate.  If Henderson had provided any evidence as to why it was impossible for her to file the complaint during the hours the courthouse was open, then, depending on the evidence provided, perhaps tolling would be warranted.  The closing of the courthouse for a few hours alone, however, with no other evidence regarding Henderson's efforts to file that day, does not constitute the kind of extraordinary circumstances that provide grounds for equitable tolling. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000) ("Equitable tolling is not appropriate where . . . 'the claimant failed to exercise due diligence in preserving his legal rights.'" (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))); *see also Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (finding that a desire to wait until the

---

[2] The court takes judicial notice of the fact that the after-hours box is available for litigants in the Edward A. Garmatz United States Courthouse from 4:00 p.m., when the Clerk's Office closes, until midnight, Monday through Friday.  *See* "After Hours Box," United States District Court for the District of Maryland, http://www.mdd.uscourts.gov/courtinfo/hours.asp (last visited May 16, 2014).

3

last day of the filing period was not a sufficient reason to equitably toll the ninety day period for filing Title VII lawsuits); *cf. Shareef v. Donahoe*, 2012 WL 934125, at *2 (W.D.N.C. 2012) (tolling the limitations period where the clerk's office, without notice, closed early, and would not reopen, on the last day of the filing period, the plaintiff provided evidence she arrived after it closed and identified by name with whom she verified that it was closed for the day, and the courthouse did not provide an after-hours dropbox for complaints).  Further, Henderson's status as a pro se litigant does not provide an independent basis for equitably tolling the filing deadline. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).  Henderson's claims are barred as untimely.

   Lifetime Fitness's motion to dismiss will be granted, and Henderson's complaint will be dismissed.  A separate order follows.


<u>May 16, 2014</u>               /s/
  Date                 Catherine C. Blake
                   United States District Judge